**John Richard JAE, Appellant**

v.

**David J. GOOD, Rebecca M. Reifer and Dr. Jeffrey A. Beard, Ph.D.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 15, 2008.

Decided April 21, 2008.

---

John Richard Jae, appellant, pro se.

Debra Sue Rand, Asst. Counsel and Suzanne N. Hueston, Chief Counsel, Camp Hill, for appellees.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

John Richard Jae (Jae) appeals *pro se* the order of the Court of Common Pleas of Cambria County (trial court) dismissing the civil rights complaint he filed to challenge the conditions at the prison where he was incarcerated. The trial court dismissed Jae's complaint under authority of the Prison Litigation Reform Act,[1] which permits a court to deny a prisoner *in forma pauperis* status and to dismiss a complaint challenging prison conditions where the prisoner has had three prior prison condition complaints dismissed as frivolous or malicious. Discerning no error in the trial court's decision, we affirm.

The facts of this case are undisputed. Jae attempted to order books in the mail from a book company for a nominal fee. However, the mail policy at the State Correctional Institution at Cresson (SCI Cresson) prohibits inmates from ordering mail order items that are either free of charge or payable on a "bill-me-later" basis.

On July 14, 2006, Jae filed a Section 1983 civil rights complaint in this Court's original jurisdiction, seeking monetary damages. Jae named as defendants the following employees of the Department of Corrections: David J. Good, then Superintendent at SCI Cresson; Rebecca M. Reifer, Grievance Coordinator at SCI Cresson; and Jeffrey A. Beard, Ph.D., Secretary of the Pennsylvania Department of Corrections (collectively, Employees). In his complaint, Jae alleged, *inter alia,* that the mail policy at SCI Cresson violated his constitutional right to read books that posed no threat to others. Additionally, Jae sought leave to proceed *in forma pauperis.*

On July 20, 2006, this Court transferred the matter to the trial court. On August 28, 2006, the trial court *sua sponte* denied Jae's request to proceed *in forma pauperis* and dismissed his complaint as frivolous pursuant to Pa. R.C.P. No. 240(j).[2] Jae appealed. On March 6, 2007, this Court vacated the trial court's order dismissing the complaint as frivolous and remanded for further proceedings.

Upon remand, the trial court granted Jae permission to proceed *in forma pauperis.* Employees then filed a motion to revoke that permission, asserting that Jae was an abusive litigator under Section 6602(f) of the Prison Litigation Reform Act

---

1. 42 Pa.C.S. §§ 6601–6608.

2. Rule 240(j) provides as follows:
 If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.
 Pa. R.C.P. No. 240(j).

(PLRA), 42 Pa. C.S. § 6602(f), which allows a court to dismiss a prisoner's prison condition complaint where that prisoner has had three or more prior such complaints dismissed because they were frivolous or malicious.[3] The trial court found that fourteen of Jae's prior civil prison condition actions had been dismissed as frivolous, malicious, or for not stating a viable claim. As a result, the trial court determined that Jae had previously accumulated more than "three strikes" under Section 6602(f)(1) of the PLRA and dismissed his complaint. This appeal followed.[4]

Before this Court, Jae raises three issues.[5] First, Jae argues that the "three strikes rule" of the PLRA violates equal protection by denying him the right to proceed *in forma pauperis* in his civil rights action while allowing other prisoners to do so. Second, Jae contends that the trial court erred in applying the Pennsylvania PLRA rather than a similar federal statute[6] to his Section 1983 civil rights action. Third, Jae asserts that the "three strikes rule" of the PLRA violates the *ex post facto* clause found in the United States Constitution and in the Pennsylvania Constitution because it allowed the court to calculate the "three strikes" by using Jae's prison condition lawsuits dismissed as frivolous before the enactment of the PLRA.

■ We begin with a review of a prisoner's ability to proceed *in forma pauperis*, which is governed by Rule 240 of the Pennsylvania Rules of Civil Procedure. Generally, any party, including a prisoner, who lacks the financial resources to pay the costs of a civil lawsuit may have those costs waived if permitted "to proceed in forma pauperis." PA. R.C.P. No. 240(f)(1).[7] A petition to proceed *in forma pauperis* may not be filed prior to the commencement of an action or appeal; however, if filed simultaneously with a pleading or appeal, the prothonotary "shall docket the action" or "shall accept the appeal" without demanding the payment of filing fees. PA. R.C.P. No. 240(c).[8] A petition to pro-

---

3. The text of Section 6602(f) of the PLRA is set forth *infra*.

4. As our inquiry involves solely questions of law, our standard of review is *de novo*. *Payne v. Department of Corrections*, 582 Pa. 375, 383, 871 A.2d 795, 800 (2005).

5. Jae raises a litany of issues, many of which are simply restatements and recharacterizations of the three issues enumerated above.

6. Section 1915(g) of the Federal Prison Litigation Reform Act states as follows:

(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

7. It states:

A party permitted to proceed in forma pauperis shall not be required to
(1) pay any cost or fee imposed or authorized by Act of Assembly or general rule which is payable to any court or prothonotary or any public officer or employee, or
(2) post bond or other security for costs as a condition for commencing an action or taking an appeal.
PA. R.C.P. No. 240(f).

8. It states:

(c) Except as provided by subdivision (d), the party shall file a petition and an affidavit in the form prescribed by subdivision (h). The petition may not be filed prior to the commencement of an action or the taking of an appeal.
(1)(i) If the petition is filed simultaneously with the commencement of the action

ceed *in forma pauperis* requires the support of an affidavit substantiating the petitioner's inability to pay. P<span>A</span>. R.C.P. No. 240(h). If the allegation of poverty is later determined untrue or the complaint or appeal found to be frivolous, "the court may dismiss the action." P<span>A</span>. R.C.P. No. 240(j).[9]

In addition to having to satisfy the terms of Rule of Civil Procedure 240, prisoners seeking to proceed *in forma pauperis* must also satisfy the terms of the PLRA, which is designed to discourage the filing of frivolous prison condition lawsuits.[10] It does so by authorizing a trial court to dismiss the *in forma pauperis* complaint of a prisoner who has a history of filing frivolous litigation. Section 6602(f) of the PLRA, commonly referred to as the "three strikes rule," states as follows:

> (f) Abusive litigation.—*If the prisoner has previously filed prison conditions litigation* and:
>
> (1) *three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2)* [prison conditions litigation that is frivolous or malicious or fails to state a claim upon which relief may be granted]; or
>
> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial; *the court may dismiss the action.* The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa.C.S. § 6602(f) (emphasis added). In sum, a prisoner loses the opportunity to proceed *in forma pauperis* after he files three prison condition lawsuits that are dismissed as frivolous. Indeed, the trial court may dismiss the prison conditions complaint filed by an abusive litigator without even having to decide that, in fact, the complaint is frivolous. The only exception is where the prisoner makes a credible allegation that he is in danger of imminent bodily harm and needs injunctive relief.

 Jae first argues that the "three strikes rule" violates his equal protection rights by denying him access to courts.[11]

---

or with the taking of the appeal, the prothonotary shall docket the action and petition or shall accept the appeal and petition without the payment of any filing fee. P<span>A</span>. R.C.P. No. 240(c)(*l*)(i).

9. It states:

(j) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the *court prior to acting upon the petition may dismiss the action,* proceeding or appeal *if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.* P<span>A</span>. R.C.P. No. 240(j) (emphasis added).

10. "Prison conditions litigation" is defined as:
A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison.
42 Pa.C.S. § 6601.

11. A legislative enactment enjoys the presumption of constitutionality under both the

The equal protection clause of the Fourteenth Amendment provides: "No State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend XIV, § 1.[12] The equal protection clause directs "that all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). In reviewing a legislative classification, the first step is to determine the level of scrutiny which should be applied to the classification at issue. Our Supreme Court has explained:

> [T]here are three different types of classifications calling for three different standards of judicial review. The first type—classifications implicating neither suspect classes nor fundamental rights—will be sustained if it meets a "rational basis" test.... In the second type of cases, where a suspect classification has been made or a fundamental right has been burdened, another standard of review is applied: that of strict scrutiny.... Finally, in the third type of cases, if "important," though not fundamental rights are affected by the classification, or if "sensitive" classifications have been made, the United States Supreme Court has employed what may be called an intermediate standard of review, or a heightened standard of review.

*James v. Southeastern Pennsylvania Transportation Authority*, 505 Pa. 137, 145, 477 A.2d 1302, 1305–1306 (1984) (citations omitted).

■■■■ Jae contends that the "three strikes rule" requires strict scrutiny because it burdens his fundamental right to seek redress in the courts by requiring him to pay fees.[13] However, the right of access to courts is not absolute. *United States v. Kras*, 409 U.S. 434, 450, 93 S.Ct. 631, 34 L.Ed.2d 626 (1972). Further, requiring a prisoner to pay the filing fees that are imposed on all litigants in a civil case does not, standing alone, violate that prisoner's right of meaningful access to the courts. Because there is no fundamental right to proceed in court *in forma pauperis*, we do not apply the strict scrutiny test

---

rules of statutory construction and the decisions of the Pennsylvania Supreme Court. 1 Pa.C.S. § 1922(3). The party challenging the legislative enactment bears a heavy burden to prove that it is unconstitutional. The statute will only be declared unconstitutional if it clearly, palpably and plainly violates the constitution. *Payne v. Department of Corrections*, 582 Pa. 375, 383, 871 A.2d 795, 800 (2005). Any doubts are to be resolved in favor of finding the enactment constitutional. *Id.*

**12.** Jae also invokes the equal protection clauses of the Pennsylvania Constitution. Article I, Section 1 of the Pennsylvania Constitution provides:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Pa. Const. Art. I, § 1. Article 1, Section 26 of the Pennsylvania Constitution provides:

> Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.

Pa. Const. Art. 1, § 26. The equal protection clauses of the Pennsylvania Constitution are analyzed under the same criteria as established for claims brought under the Fourteenth Amendment to the U.S. Constitution. *Commonwealth v. Albert*, 563 Pa. 133, 138, 758 A.2d 1149, 1151 (2000).

**13.** Neither prisoners nor indigents constitute a suspect class. *See, e.g., Abdul–Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir.2001) (noting that prisoners do not constitute a suspect class); *Harris v. McRae*, 448 U.S. 297, 323, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980) (noting that poverty is not a suspect classification). Indeed, Jae does not argue that indigent prisoners are a suspect class.

but, rather, the rational basis test. As explained by our Supreme Court, the rational basis test requires a two-step analysis:

> [F]irst, we determine whether the challenged statute seeks to promote any legitimate state interest or public value; and if so, we then determine whether the legislative classification is reasonably related to accomplishing that articulated state interest.

*Kramer v. Workers' Compensation Appeal Board (Rite Aid Corp.)*, 584 Pa. 309, 335, 883 A.2d 518, 534 (2005).

The "three strikes rule" of Section 6602(f) of the PLRA does not prevent prisoners from filing any number of civil actions challenging prison conditions. It only restricts their ability to pursue such actions *in forma pauperis*. There is a legitimate governmental interest in deterring frivolous law suits,[14] and Section 6602(f) advances that goal rationally by depriving an abusive litigator of the ability to proceed *in forma pauperis*. Further, the legislation balances the need to deter prisoners from filing frivolous litigation against the need to protect prisoners from physical harm. We hold that Section 6602(f) of the PLRA does not violate the equal protection clauses of the U.S. Constitution or of the Pennsylvania Constitution.

■ Jae next argues that the trial court erred in applying the Pennsylvania PLRA to his action, which was brought under a federal civil rights statute, *i.e.*, 42 U.S.C. § 1983. Section 1983 provides a vehicle for imposing liability upon a person who under color of law deprives another person of "any rights, privileges, or immunities secured by Constitution and laws."

42 U.S.C. § 1983. Section 1983 does not create substantive rights but, rather, is the vehicle for vindicating rights conferred in the United States Constitution or in federal statutes. *Urbanic v. Rosenfeld*, 150 Pa. Cmwlth. 468, 616 A.2d 46, 52 (1992). A Section 1983 action may be brought in state court. *Heinly v. Commonwealth*, 153 Pa.Cmwlth. 599, 621 A.2d 1212, 1215–1216 (1993).

Here, Jae seeks to have Pennsylvania state courts enforce his First Amendment rights by using Section 1983 as the vehicle to do so. Our state courts must apply federal law to evaluate the substantive merits of Jae's First Amendment claim. *Heinly*, 621 A.2d at 1216–1217. However, our courts must also follow the rules of procedure that govern any civil litigation brought in our court system. *See, e.g., Id.* (applying the "fact pleading" requirement in PA. R.C.P. No. 1019(a) to a Section 1983 complaint). Thus, federal law governs the substantive merits of a Section 1983 action brought in state court, but state law governs the procedures by which that action will be litigated.

■ Section 6602(f) of the PLRA does not establish substantive law but is entirely procedural because it relates to payment of court filing fees. Our Supreme Court has explained this point as follows:

> Section 6602 is procedural in nature because it sets forth the method by which inmates enforce their rights to file prison conditions litigation, *i.e.*, by the payment of a filing fee. Substantive rights of the litigant are not affected by Section 6602 as the statute expressly recognizes that a prisoner will not be denied

---

14. No litigant, indigent prisoner or otherwise, is permitted to prosecute a lawsuit which fails to state a claim upon which relief may be granted. The United States Supreme Court stated, "[d]epriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of ... sanctions." *Lewis v. Casey*, 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

his right to file an action based upon his inability to pay the filing fee.

*Payne v. Department of Corrections,* 582 Pa. 375, 392–393, 871 A.2d 795, 806 (2005). Because Jae brought his civil rights action in state court and sought relief from filing fees by requesting permission to proceed *in forma pauperis,* the Pennsylvania PLRA, not the federal analog, applied to Jae's action, as the trial court correctly held.

■ Finally, Jae asserts that the "three strikes rule" of the PLRA violates the *ex post facto* clause of Article I, Section 10, Clause 1 of the United States Constitution [15] and Article I, Section 17 of the Pennsylvania Constitution.[16] Jae contends that when the trial court applied the "three strikes rule," it improperly counted prison conditions cases brought by Jae prior to the enactment of the PLRA.

■ Both the United States Constitution and the Pennsylvania Constitution contain *ex post facto* clauses. The Pennsylvania Supreme Court has recently explained the application of the *ex post facto* clause as follows:

> Although the Latin phrase "*ex post facto*" literally encompasses any law passed "after the fact," it has long been recognized by this Court that the constitutional prohibition on *ex post facto* laws *applies only to penal statutes* which disadvantage the offender affected by them. *Collins v. Youngblood,* 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990) (citations omitted). *"Legislatures may not retroactively alter the definition of crimes or increase the punishment* for criminal acts." *Id.*

*Commonwealth v. Estman,* 591 Pa. 116, 123 n. 5, 915 A.2d 1191, 1195 n. 5 (2007) (emphasis added). To be an *ex post facto* law, that law must apply to events occurring before its enactment and it must disadvantage the offender affected by it. This Court has explained that if the statute "does not prejudicially affect the substantive rights of the parties and is merely procedural or remedial in nature, it can apply retroactively." *Myers v. Ridge,* 712 A.2d 791, 795 (Pa.Cmwlth.1998).

Section 6602 of the PLRA does not "prejudicially affect" Jae's substantive rights because it is a procedural statute; as such, it may be applied retroactively. Because the "three strikes rule" of Section 6602 of the PLRA is procedural, not substantive, we hold that the constitutional prohibition against *ex post facto* laws is inapplicable. The trial court did not err in counting toward Jae's "three strikes" his lawsuits that were dismissed as frivolous before the PLRA was enacted.

Based on the foregoing, we affirm the trial court's order revoking Jae's *in forma pauperis* status and dismissing his civil complaint.

### *ORDER*

AND NOW, this 21st day of April, 2008, the order of the Court of Common Pleas of Cambria County, dated July 24, 2007, in the above-captioned matter is hereby AFFIRMED.

---

**15.** The United States Constitution provides, in relevant part, as follows:
> No State shall ... pass any ... ex post facto law.

U.S. Const. Art. I, § 10, Cl. 1.

**16.** The Pennsylvania Constitution provides, in relevant part, as follows:
> No *ex post facto* law ... shall be passed.

Pa. Const. Art. I, § 17.