Ronald D. Weaver,                                   :
                                                    :
              Appellant                             :
                                                    :
         v.                                         : No. 1860 C.D. 2016
                                                    : Submitted: May 19, 2017
Commonwealth of Pennsylvania                        :
Department of Corrections Employees:                :
Susan Shoff, Officer Evanisko, Eugene               :
Santorella, Trevor Wingard, and                     :
Dorina Varner                                       :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  August 8, 2017**


On March 29, 2016, the Somerset County Court of Common Pleas (Trial Court) issued an order revoking the *in forma pauperis* (IFP) status of Ronald D. Weaver (Appellant) under Section 6602(f) of the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. § 6602(f), commonly known as the "three strikes" rule.  On April 27, 2016, Appellant appealed the revocation to the Pennsylvania Superior Court, and by memorandum filed September 29, 2016, the Superior Court transferred the appeal to this Court.  Pa. R.A.P. 752 (a).  By the Trial Court's order,

Appellant was granted thirty days in which to pay any and all applicable filing fees associated with his September 24, 2013 complaint alleging prison conditions harmful to his health. In his complaint, Appellant alleges that defendants at the State Correctional Institute at Laurel Highlands failed to investigate or adequately respond to his complaints of exposure to inmates' smoking tobacco and burning pine tree air fresheners in the housing unit. The defendants named in Appellant's complaint filed a Motion to Revoke IFP on February 18, 2016; Appellant requested that a hearing on the motion be held without his presence or participation, and the hearing was held on March 29, 2016. Following this hearing, the Trial Court ordered the dismissal of said complaint in the event the filing fees were not paid.

On appeal, Appellant contends that the Trial Court erred in revoking his *in forma pauperis* status. We do not agree.[1]

Under Subsection 6602(e)(2) of the PLRA, a court shall dismiss prison conditions litigation at any time if the court determines that "the prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief." 42 Pa. C.S. § 6602(e)(2). Section 6602(f) of the PLRA provides:

> Abusive litigation. –If the prisoner has previously filed prison conditions litigation and:
>
> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or

---

[1] Our review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed, or whether the trial court abused its discretion. *Brown v. Beard*, 11 A.3d 578, 580 n.5 (Pa. Cmwlth. 2010).

2

> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial; the court may dismiss the action. **The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.**

42 Pa. C.S. § 6602(f) (emphasis added). Appellant is an abusive litigator; he has had at least five prior actions dismissed pursuant to Subsection 6602(e)(2). (Certified Record, Motion to Revoke IFP, Exhibits A-E.) As a result of his status as an abusive litigator, the provisions in subsection (b) and (f) of Pennsylvania Rule of Civil Procedure 240 that provide litigants with scant financial resources access to the courts are inapplicable unless Appellant "is in imminent danger of serious injury." 42 Pa. C.S. § 6602; *see also* Pa. R.C.P. No. 240(j)(1).

Here, Appellant argues, *inter alia*, that he has credibly alleged imminent danger in the form of abuse by prison employees by "torture by secondhand smoke and the burning of toxic air fresheners." (Appellant's Brief at 11.) Appellant alleges this claim is corroborated by medical evidence. However, the record contains an affidavit from the prison medical department regarding Appellant's medical history that documents a series of tests and treatment provided in response to Appellant's medical complaints; the affidavit provides no corroborating evidence to support his claim, but Appellant argues nonetheless that the information provided in the affidavit is false. (*Id*.; March 11, 2016 Affidavit of Corrections Health Care Administrator, SCI-Laurel Highlands.)

In its thorough, well-reasoned 1925(a) opinion, the Trial Court noted that Appellant never requested preliminary injunctive relief or a temporary restraining order as required by 42 Pa. C.S. § 6602(f) for the "imminent danger" exception to the "three strikes rule" to apply. Moreover, the Trial Court determined Appellant failed to offer credible allegations that he was in imminent danger of serious bodily injury, instead providing only references to deleterious health effects from exposure to secondhand smoke.

The Pennsylvania Supreme Court has defined "imminent" as danger that "must be, or must reasonably appear to be, threatening to occur immediately, near at hand, and impending." *Commonwealth v. Capitolo*, 498 A.2d 806, 809 (Pa. 1985). Our Court has defined a "credible allegation" as one that goes "beyond being merely rationale [sic] and conceivable and must possess the additional characteristics of being reliable and convincing." *Brown v. Pennsylvania Department of Corrections*, 58 A.3d 118, 123 (Pa. Cmwlth. 2012). In *Brown*, we held that our Court "need not accept [the inmate's] allegations, on their face, as 'credible allegations' of imminent danger," and that because the inmate had not substantiated his averments of imminent danger with medical documentation or other evidence, he had failed to allege imminent danger of serious bodily injury for purposes of the PLRA. *Id.* We find here that Appellant has failed to meet the "credible allegation" standard set by the PLRA.

We find no merit in Appellant's other argument, that the revocation of his IFP status effectively denies him his equal protection rights as well as his rights under the Remedies Clause of Article 1, Section 11 of the Pennsylvania

Constitution,[2] by denying him access to the courts. In *Jae v. Good,* 946 A.2d 802 (Pa. Cmwlth. 2008), our Court addressed the constitutionality of the "three strikes rule" set forth in Section 6602(f) of the PLRA, and established that the rule does not prevent prisoners from filing any number of civil actions challenging prison conditions, but rather only restricts their ability to pursue such actions *in forma pauperis*. *Id*. at 809. Holding that Section 6602(f) does not violate the equal protection clauses of the United States Constitution or the Pennsylvania Constitution, our Court opined:

> There is a legitimate governmental interest in deterring frivolous law suits, and Section 6602(f) advances that goal rationally by depriving an abusive litigator of the ability to proceed *in forma pauperis*. Further, the legislation balances the need to deter prisoners from filing frivolous litigation against the need to protect prisoners from physical harm.

*Id.* In *Smolsky v. General Assembly*, 34 A.3d 316 (Pa. Cmwlth. 2011), this Court rejected an inmate's argument that his right to access to the courts was denied by a revocation of IFP status, holding that the "three strikes rule" did not violate the Remedies Clause of the Pennsylvania Constitution. Quoting *Jae*, the Court

---

[2] Article 1, Section 11 of the Pennsylvania Constitution provides:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have the remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

explained that the right of access to courts was not absolute, and the requirement that a prisoner pay filing fees that are imposed on all civil litigants does not, standing alone, violate that prisoner's right of meaningful access to the courts. *Smolsky*, 34 A.3d at 320.

We conclude therefore that the Trial Court properly revoked Appellant's *in forma pauperis* status, and provided him with thirty days to pay the full filing fee. *Lopez v. Haywood*, 41 A.3d 184 (Pa. Cmwlth. 2012). Accordingly, we affirm the order of the Trial Court.

_____
**JAMES GARDNER COLINS, Senior Judge**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald D. Weaver,                                           :
                                                            :
          Appellant   :
                                                            :
        v.              : No. 1860 C.D. 2016
                                                            :
Commonwealth of Pennsylvania                                :
Department of Corrections Employees:   :
Susan Shoff, Officer Evanisko, Eugene  :
Santorella, Trevor Wingard, and                             :
Dorina Varner                                               :

## **O R D E R**

AND NOW, this 8th day of August, 2017, the order of the Somerset County Court of Common Pleas in the above-captioned matter is hereby AFFIRMED.

 

**JAMES GARDNER COLINS, Senior Judge**