# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Richard Jae,                          :
               Appellant      :
                                  :
           v.                             :  No. 1342 C.D. 2016
                                  :  Submitted:  April 28, 2017
Warden Harper, Allegheny County            :
Jail Mailroom Staff, Corizon Medical       :
and Allegheny County                       :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**               **FILED:  August 14, 2017**

John Richard Jae (Appellant) appeals, *pro se*, from the order of the Court of Common Pleas of Allegheny County (trial court), dismissing the civil rights complaint he filed challenging the conditions at the prison where he was incarcerated.  The trial court dismissed Appellant's complaint under the authority of the Prison Litigation Reform Act (Act),[1] which permits a court to deny a prisoner *in forma pauperis* status and to dismiss a complaint challenging prison conditions where the prisoner has had three prior prison conditions actions dismissed as frivolous or malicious or, alternatively, where the prisoner's

---

[1] 42 Pa C.S. §§ 6601-6608.

complaint fails to state a claim. For the reasons that follow, we reverse the trial court's order and remand for further consideration in accordance with this opinion.

Appellant is currently incarcerated at State Correctional Institution-Forest (SCI-Forest). Appellant was incarcerated at Allegheny County Jail (ACJ) from May 5, 2015, to June 1, 2015, in connection with his attendance at court proceedings for a criminal case against him. On October 15, 2016, Appellant filed the instant action against Warden Harper (Harper) of the ACJ, the ACJ Mailroom Staff (Mailroom Staff), Corizon Medical (Corizon), and Allegheny County (collectively, Appellees). Appellant filed his complaint alleging several causes of action, including, *inter alia*, violations of the First Amendment to the United States Constitution,[2] the Religious Land Use and Institutionalized Persons Act of 2000,[3] the Eighth Amendment to the United States Constitution,[4] the Americans with Disabilities Act of 1990 (ADA),[5] and the Rehabilitation Act of 1973.[6] (Certified Record (C.R.), No. 1.) Appellant alleged that Appellees deprived him of bringing his personal books to ACJ, failed to provide him with reading materials at the jail library, failed to prescribe him mattresses and pillows for medical reasons, unjustifiably delayed providing him with his mail, failed to provide him with his prescribed heart medication, and failed to provide adequate wheelchair-accessible showers. (*Id.*) Appellant simultaneously filed a petition to proceed *in forma pauperis*. (C.R., Item No. 2.)

---

[2] U.S. Const. amend. I.

[3] 42 U.S.C. §§ 2000cc to 2000cc-5.

[4] U.S. Const. amend. VIII.

[5] 42 U.S.C. §§ 12101-12213.

[6] 29 U.S.C. §§ 701-796.

On January 14, 2016, the trial court granted Appellant's petition to proceed *in forma pauperis* and reinstated his complaint. (C.R., Item No. 4.) Appellant served Harper, Mailroom Staff, and ACJ on May 3, 2016.[7] (C.R., Item Nos. 6-8.) Harper, Mailroom Staff, and ACJ then filed a joint motion to revoke Appellant's *in forma pauperis* status under Section 6602(f) of the Act, 42 Pa. C.S. § 6602(f). (C.R., Item No. 11.) Appellant filed a motion for leave to file a responsive brief on June 14, 2016. (C.R., Item No. 17.) The trial court granted the joint motion to revoke Appellant's *in forma pauperis* status and dismissed his complaint on June 29, 2016. (C.R., Item No. 20.) Appellant filed a notice of appeal and a statement of errors complained of on appeal. (C.R., Item No. 24, 27.) The trial court issued an opinion, dated September 30, 2016, in response thereto.[8] (C.R., Item Nos. 24, 28.) The trial court explained that it dismissed Appellant's complaint, in its entirety, under Section 6602(f). (C.R., Item No. 20.) The trial court further explained that it also dismissed two of Appellant's claims under Section 6602(e)(2) of the Act, 42 Pa. C.S. § 6602(e)(2), for failing to state a claim.

On appeal,[9] Appellant raises three arguments: (1) that the trial court erred by revoking Appellant's *in forma pauperis* status and dismissing his complaint; (2) that the trial court erred in dismissing Appellant's complaint without first giving him the opportunity to pay the filing fee; and (3) that the trial court

---

[7] Appellant served Corizon on June 28, 2016. (C.R., Item No. 19.)

[8] *See* Pa. R.A.P. 1925(a).

[9] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

erred in granting Appellees' motion to revoke Appellant's *in forma pauperis* status and dismiss Appellant's complaint without allowing Appellant to file a brief in response to the motion.

Appellant first argues that the trial court erred in revoking his *in forma pauperis* status and dismissing his complaint pursuant to Section 6602(f) of the Act. Section 6602(f) of the Act allows a court to dismiss a prison conditions action if "three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2)." Appellant previously came before this Court in another prison conditions action. *See Jae v. Good*, 946 A.2d 802 (Pa. Cmwlth.), *appeal denied*, 959 A.2d 930 (Pa. 2008), *cert. denied*, 555 U.S. 1156 (2009). There, we held that the Act, not the federal version of the "three strikes" rule,[10] applied to prison conditions actions filed in state court. *Jae*, 946 A.2d at 810.

Appellant now submits that he is *not*, in fact, an abusive litigator under Section 6602(f) of the Act and that Appellees cannot point to a single prison conditions suit that he filed in state court which was dismissed as frivolous or for failure to state a claim. Appellant cites *Jae* in support of his argument that only suits dismissed in state court pursuant to Section 6602(f) of the Act count toward the "three strike rule." Appellant, therefore, argues that Appellees' citations to Appellant's *federal* cases dismissed under the federal analog are irrelevant. While

---

[10] The federal version of the "three strikes rule" provides:

(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

4

Appellant is correct that, pursuant to our holding in *Jae*, federal suits dismissed under 28 U.S.C. § 1915(g) have no bearing whatsoever on a dismissal under Section 6602(f) of the Act, Appellant fails to recognize that, in *Jae*, we affirmed the court's determination that Appellant *is*, in fact, an abusive litigator under Section 6602(f) of the Act. In doing so, we noted that other state courts dismissed fourteen of Appellant's prior prison conditions suits under Section 6602(e)(2) as frivolous, malicious, or for failing to state a claim. *See id.* at 806, 810. Appellant, therefore, is an adjudicated abusive litigator and has been since 2008, when we affirmed the court's determination in *Jae*. *See id.* at 806. We, therefore, affirm the trial court's order insofar as it revokes Appellant's *in forma pauperis* status.

Appellant, nonetheless, finds himself on stronger footing with his next argument that the trial court erred in dismissing his complaint without first giving him the opportunity to pay the filing fee. We note at the outset that the three strike rule in Section 6602(f) of the Act "does not prevent prisoners from filing any number of civil actions challenging prison conditions," it only restricts their ability to proceed *in forma pauperis*. *Id.* at 809. Once a court revokes a prisoner's *in forma pauperis* status, the prisoner is no longer "proceeding" *in forma pauperis*. *Lopez v. Haywood*, 41 A.3d 184, 188 (Pa. Cmwlth. 2012). Once a prisoner is no longer "proceeding" *in forma pauperis*, a court cannot dismiss his complaint under Section 6602(f) solely based on prior dismissals of other complaints. *Id.* Allowing a court to do so unconstitutionally forecloses meaningful access to the courts.[11] *Id.* A prisoner whose *in forma pauperis* status is revoked must, instead, be permitted

---

[11] In *Jae*, we upheld Section 6602(f) of the Act as constitutional because it "does not, standing alone, violate the prisoner's right of meaningful access to the courts" where it merely precludes the prisoner from proceeding *in forma pauperis*. *Jae*, 946 A.2d at 808.

5

to "proceed by paying costs" before the trial court dismisses his complaint under Section 6602(f) of the Act. *Id.* Here, the trial court revoked Appellant's *in forma pauperis* status and simultaneously dismissed his complaint, in its entirety, under Section 6602(f). At no time after revoking his *in forma pauperis* status did the trial court afford Appellant the opportunity to pay a filing fee. As applied here, *Lopez* could not be clearer that the trial court erred in dismissing Appellant's complaint under Section 6602(f). *See id.*

The trial court also relied upon Section 6602(e)(2) of the Act to specifically dismiss two of Appellant's claims. Unlike Section 6602(f) of the Act, a court shall dismiss a complaint "*notwithstanding any filing fee which has been paid* [if t]he prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief." 42 Pa. C.S. § 6602(e)(2) (emphasis added). In other words, a court that revokes a prisoner's *in forma pauperis* status need not afford him the opportunity to pay fees if his complaint is dismissed under Section 6602(e)(2).

Here, the trial court dismissed Appellant's ADA claim under Section 6602(e)(2) of the Act. Appellant averred in his complaint that he could access the showers only with the assistance of another inmate. (C.R., Item No. 1 at 14.) The trial court, citing *Mason v. Correctional Medical Services, Inc.*, 559 F.3d 880 (8th Cir. 2009), explained that an inmate is not deprived of "meaningful access" under the ADA where a fellow inmate assists a disabled inmate to access prison facilities or services.[12] *Mason*, however, was decided in

---

[12] Section 12131 of the ADA, 42 U.S.C. § 12131, provides:

**(Footnote continued on next page…)**

the context of a visual impairment. In *Mason*, a Missouri state prisoner, Mason, suffered a blood clot resulting in permanent blindness in his left eye. *Id.* at 883. The prison provided Mason with a prisoner assistant, but Mason requested a trained assistant capable of assisting him in day-to-day activities. *Id.* at 887. The Court there held that the prison reasonably accommodated Mason by making a prisoner assistant available to help Mason with his day-to-day activities. *Id.* at 888. The prison, therefore, did not deprive him of meaningful access under the ADA by failing to make a trained assistant available. *Id.* The courts have not, however, extended the holding or rationale of *Mason* into the realm of wheelchair-bound inmates. We, therefore, cannot conclude at this early stage of the proceedings that Appellant failed to state a claim under the ADA.

The trial court also dismissed Appellant's "medical malpractice" claims against Corizon on the grounds that Appellant failed to file a certificate of merit as required by Pa. R.C.P. No. 1042.3(a)(1).[13] Inspection of Appellant's

**(continued…)**

> The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

[13] This rule requires that, in an action based upon allegations of medical malpractice, the plaintiff file a certificate of merit, within sixty days of filing his complaint, that:

> an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.

Pa. R.C.P. No. 1042.3(a)(1).

complaint reveals that Appellant does not allege medical malpractice, but rather that Corizon denied him medical care and treatment, constituting deliberate indifference and a violation of the Eighth Amendment. (C.R., Item No. 1 at 8-9.) The deliberate indifference standard in the context of a violation of the Eighth Amendment contains both an objective element and a subjective element. *Kretchmar v. Dep't of Corr.*, 831 A.2d 793, 798 (Pa. Cmwlth. 2003), *appeal denied*, 847 A.2d 1289 (Pa. 2008). The former requires that the deprivation be objectively, sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A deprivation is sufficiently serious when a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities. *Id.* at 834. The subjective element is met only when a prison official knows of and disregards an excessive risk to inmate health or safety. *Id.* at 837. Furthermore, the prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.*

As a *pro se* litigant, we afford Appellant's complaint a liberal construction when analyzing his claims.[14] Appellant avers that for the duration of his incarceration at ACJ, from May 5, 2015, to June 1, 2015, Corizon denied him Cardizem heart medication. (C.R., Item No. 1 at 8-9.) Appellant avers that he requires Cardizem to treat his cardiomyopathy and has taken the same for the past 10 years. (*Id.* at 8.) Appellant attributes this denial of medication to Corizon nurses continually running out of Cardizem, and Corizon failing to keep Cardizem

---

[14] *See Mueller v. Pa. State Police Headquarters*, 532 A.2d 900, 902 (Pa. Cmwlth. 1987) ("While pleadings filed by *pro se* litigants are to be construed liberally, a *pro se* litigant is not to be given any particular advantage because of his lack of knowledge of the law.").

adequately stocked. (*Id.*) Appellant also alleges that Corizon's denial of Cardizem caused Appellant to suffer chest and heart pain. (*Id.* at 9.) Appellant further alleges that Corizon's denial of his medication showed deliberate indifference to his serious medical needs and subjected him to unnecessary risk of another heart attack.[15] (*Id.*) Appellant sufficiently pleads facts at this early stage of the proceedings to state a claim under the Eighth Amendment, and we, therefore, conclude that the trial court erred in dismissing Appellant's Eighth Amendment (not medical malpractice) claim against Corizon.

Appellant's six other self-described "causes of action" went unaddressed by the trial court in its opinion. The trial court's order is no more enlightening, explaining only that it dismissed Appellant's complaint under Section 6602(f) of the Act. (C.R., Item No. 20.) As *Lopez* makes clear, Appellant's complaint cannot be dismissed solely because he failed to pay the requisite filing fees under Section 6602(f). *See Lopez*, 41 A.3d at 188. Harper and Allegheny County cite *McCool v. Department of Corrections*, 984 A.2d 565 (Pa. Cmwlth. 2009), *appeal denied*, 989 A.2d 10 (Pa. 2010), in support of their argument that the trial court properly dismissed Appellant's complaint without affording him the opportunity to pay filing fees. In *McCool*, the court revoked the prisoner's *in forma pauperis* status under Section 6602(f) and dismissed his complaint under Section 6602(e)(2). The prisoner appealed, arguing that the court should have afforded him the opportunity to pay filing fees before dismissing his complaint. We affirmed, reasoning that the court could have dismissed the

---

[15] Appellant alleges to have already suffered one heart attack, but he does not specify when such heart attack occurred. (C.R., Item No. 1 at 8.)

prisoner's complaint for failure to state a claim under Section 6602(e)(2) even if the prisoner had never been granted *in forma pauperis* status and paid the filing fees to begin with.[16] Here, however, the trial court's order and subsequent opinion merit a different result. The trial court only relied upon Section 6602(e)(2) of the Act in dismissing Appellant's ADA and Eighth Amendment claims. As we discussed *supra*, the trial court erred in that regard. The trial court offered no explanation of Section 6602(e)(2)'s applicability to Appellant's other six claims. Without such explanation, we must conclude that the trial court erred in dismissing the other six claims in Appellant's complaint left unaddressed by the trial court.

The trial court also cites to Section 4904 of the Crimes Code, 18 Pa. C.S. § 4904, to justify not affording Appellant the opportunity to pay filing fees before dismissing his complaint. Section 4904 of the Crimes Code provides that "[a] person commits a misdemeanor of the second degree if, with intent to mislead a public servant in performing his official function, he [] makes any written false statement which he does not believe to be true." In his petition for *in forma pauperis* status, Appellant averred under penalty of Section 4904 that he could not pay the fees and costs associated with the instant action and could not obtain funds from anyone. (C.R., Item No. 2.) The trial court appears to opine that by paying costs and fees now, Appellant must have made a false statement of inability to pay costs and fees in his petition for *in forma pauperis* status. A present ability to pay costs and fees does not necessarily mean that Appellant made false statements in his petition for *in forma pauperis* status. Appellant's circumstances may have

---

[16] As noted above, a court may dismiss a prison conditions action under Section 6602(e)(2) of the Act, "*notwithstanding any filing fee which has been paid.*" (Emphasis added.)

10

changed such that he is now able to pay costs and fees. Such a change in circumstance is contemplated in Pa. R.C.P. No. 240. This rule provides that "[a] party permitted to proceed *in forma pauperis* has a continuing obligation to inform the court of improvement in the party's financial circumstances which will enable the party to pay costs." Pa. R.C.P. No. 240(e). The trial court, therefore, improperly relied upon Section 4904 of the Crimes Code to bar Appellant from paying costs and fees before dismissing his complaint.[17]

In light of our determination that the trial court erred in dismissing Appellant's complaint, we need not evaluate Appellant's third argument—that the trial court erred in denying him the opportunity to file a responsive brief to Appellees' motion to revoke his *in forma pauperis* status and dismiss his complaint.

We, therefore, affirm the trial court's order to the extent that it revokes Appellant's *in forma pauperis* status, reverse the order to the extent that it dismisses Appellant's complaint, and remand the matter to the trial court with instruction that the trial court compile a list of the filing fees and costs associated with this matter that Appellant would have had to pay had he not been granted *in forma pauperis* status, provide that information to Appellant within a reasonable time of this Court's order, and allot Appellant a reasonable time period within

---

[17] Furthermore, the trial court's reasoning flies in the face of our holding in *Lopez*. As discussed *supra*, we held that the trial court in *Lopez* should have afforded the appellant the opportunity to pay costs and fees before dismissing his complaint pursuant to Section 6602(f) of the Act. Under the trial court's reasoning, the appellant in *Lopez* would also violate Section 4904 of the Crimes Code by paying costs and fees after averring that he was unable to do so in his petition for *in forma pauperis* status. Abiding by the trial court's application of Section 4904 would, therefore, upend our holding in *Lopez*.

11

which to pay those fees and costs after receiving the information from the trial court.

_____
P. KEVIN BROBSON, Judge

Judge Wojcik did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Richard Jae,                                    :
                Appellant           :
                                :
              v.                 :    No. 1342 C.D. 2016
                                :
Warden Harper, Allegheny County        :
Jail Mailroom Staff, Corizon Medical     :
and Allegheny County                          :

# **O R D E R**

AND NOW, this 14th day of August, 2017, the order of the Court of Common Pleas of Allegheny County is AFFIRMED in part, and REVERSED in part, and the matter is REMANDED for further action in accordance with this opinion.

        Jurisdiction relinquished.

<br>

—————————————————————
       P. KEVIN BROBSON, Judge