IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Brandon Cummings,              :
                          Appellant   :
                                      :
         v.                           : No.  768 C.D. 2023
                                      : Submitted:  May 7, 2024
J. Brunst                             :


BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  June 7, 2024


        William Brandon Cummings (Cummings), *pro se*, appeals from an order of

the Court of Common Pleas of Fayette County (trial court) that (i) denied his *in

forma pauperis* petition, (ii) dismissed his *pro se* complaint (Complaint) seeking

equitable relief as well as money damages against several Pennsylvania Department

of Corrections (Department) employees (Department employees),[1] as frivolous,

under Section 6602(e)(2) of the Prison Litigation Reform Act (PLRA),[2] 42 Pa.C.S.

---

[1] The Department employees named as defendants by the Complaint are as follows: Corrections
Officer (C.O.) J. Brunst (Brunst), C.O. McKelvie, C.O.2 DiPasquale, C.O. Enden, C.O. Riggin,
and C.O. Angelo.  Complaint at 1, ¶ 2.  Cummings was under the Department's custody at the
State Correctional Institution (SCI) at Fayette (SCI-Fayette) when he filed the Complaint.  *Id.*
Cummings is currently incarcerated at SCI-Greene.  *See* Inmate/Parolee Locator, Pa. Dep't of
Corr., https://inmatelocator.cor.pa.gov (last visited Apr. 29, 2024).
[2] 42 Pa.C.S. §§ 6601-6608.

§ 6602(e)(2), and (iii) directed Fayette County Prothonotary Nina Capuzzi Frankhouser (Prothonotary) to reject any *pro se* filing prospectively submitted by Cummings. On appeal, Cummings contends the trial court erroneously prohibited him from proceeding *in forma pauperis* because his *pro se* Complaint raised judiciable retaliation claims under 42 U.S.C. § 1983 (Section 1983).[3] For the reasons set forth below, we conclude our ability to perform meaningful appellate review of the trial court's order is constrained by the trial court's failure to file a Pa.R.A.P. 1925(a) (Rule 1925(a))[4] opinion; accordingly, we remand to the trial court to allow thorough consideration of this matter.

## I. Factual and Procedural History

On July 7, 2023, Cummings initiated equitable and civil litigation against six Department employees in their individual and official capacities in accordance with Section 1983. The Complaint alleged the Department employees violated

---

[3] Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

[4] Rule 1925(a) declares:

> (1) *General rule.* Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within the period set forth in Pa.R.A.P. 1931(a)(1) file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a)(1).

Cummings' federal constitutional rights secured by the First,[5] Eighth,[6] and Fourteenth[7] Amendments in retaliation for previous complaints he lodged against the Department.  Complaint at 1, ¶¶ 1-4.  Specifically, Cummings claimed the Department employees refused to grant him an inmate job, *id.* at 1-2, ¶¶ 5-9, interfered with his religious practices, *id.* at 2-4, ¶¶ 10-21, and used cold food as punishment which results in sickness including "blood coming from his rectum constantly," *id.* at 4-5, ¶¶ 22-38.[8]  Additionally, Cummings asserted an employee of the Department, who is not named as a defendant in the Complaint, threatened to kill him on a number of occasions.  *See id.* at 5, ¶ 41; Memorandum of Law in Support of IFP & Affidavit & Temporary Restraining Order & Preliminary Injunction (Memorandum of Law) ¶¶ 1, 3-4. As for remedies, the Complaint sought a total of $300,000 in monetary damages, *id.* at 1, ¶ 2, and requested the trial court to enter, among other things, a preliminary injunction and a temporary restraining order against the Department employees.  Order to Show Cause at 1.  Cummings also petitioned the trial court to grant him *in forma pauperis* status and to serve the Complaint, together with his signed "Affidavits of Truth," on the Department employees.  Motion to Effect Service at 1.

By order dated July 10, 2023, the trial court *sua sponte* ruled the Complaint was frivolous and dismissed the matter entirely under Section 6602(e)(2) of the PLRA (Order).  Order, 07/10/2023, at 1 (George, Jr., J.).  The trial court denied

---

[5] U.S. Const. amend. I.

[6] U.S. Const. amend. VIII.

[7] U.S. Const. amend. XIV.

[8] Effectively, the Complaint is a "prison conditions litigation" action for purposes of Section 6602(e).

Cummings' application to proceed *in forma pauperis* and instructed the Prothonotary "to not accept any future *pro se* filings from [Cummings] at this number, any other number or any new complaint or other pleading."[9] *Id.* Cummings appealed the trial court's order to this Court on July 17, 2023. Notice of Appeal at 1. In response, the trial court directed Cummings to file a Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal, Order, 07/17/2023, at 1 (George, Jr., J.), which Cummings filed soon thereafter. *See* Concise Statement ¶¶ 1-5.

On August 3, 2023, pursuant to Rule 1925(a), the trial court issued a Statement in Lieu of Opinion regarding its July 10, 2023 order. Statement in Lieu of Opinion, 08/03/2023, at 1 (George, Jr., J.). The trial court explained:

> Upon review of the record, it is clear to the [c]ourt that [Cummings] has previously filed prison conditions litigation, three or more of those have been dismissed pursuant to 42 Pa.C.S.[] § 6602[,] and [Cummings] has not made a credible allegation that he is in danger of serious bodily injury. Therefore, we determined that his [C]omplaint was frivolous pursuant to 42 Pa.C.S.[] § 6602(e)(2) and dismissed the litigation accordingly.
>
> Upon review of his Concise Statement, we find no basis for any further analysis. Therefore, no further opinion shall be issued.
>
> With regard to the issue of preventing [Cummings] from attempting to file any future frivolous, malicious pleadings, [Cummings] would not be precluded from filing any action provided he is represented by counsel or pays the appropriate filing fee and cost if he is pro se.

---

[9] We note that "requiring a prisoner to pay the filing fees that are imposed on all litigants in a civil case does not, standing alone, violate that prisoner's right of meaningful access to the courts[] [b]ecause there is no fundamental right to proceed in court *in forma pauperis* . . . ." *Jae v. Good*, 946 A.2d 802, 808 (Pa. Cmwlth. 2008).

Statement in Lieu of Opinion, 08/03/2023, at 1-2 (George, Jr., J.).[10]

## II. Discussion

We now consider whether the trial court erred by dismissing the Complaint and denying Cumming's application to proceed *in forma pauperis*. We review the trial court's decision to determine whether constitutional rights have been violated, the trial court abused its discretion, or the trial court committed an error of law. *Bailey v. Wakefield*, 933 A.2d 1081, 1083 n.4 (Pa. Cmwlth. 2007).

Section 6602(e)(1)-(2), entitled "Dismissal of litigation," states:

> Notwithstanding any filing fee which has been paid, the court *shall dismiss* prison conditions litigation *at any time*, including prior to service on the defendant, if the court determines any of the following:
>
> > (1) The allegation of indigency is untrue.
> >
> > (2) The prison conditions litigation is *frivolous* or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

42 Pa.C.S. § 6602(e)(1)-(2) (emphasis added). A frivolous action is one "which lacks any basis in law or fact." *Robinson v. Pa. Bd. of Prob. & Parole*, 582 A.2d 857, 860 (Pa. 1990). "Such a high standard is imposed 'in order to avoid discouraging litigants from bringing appeals for fear of being wrongfully sanctioned.'" *Canal Side Care Manor, LLC v. Pa. Hum. Rels. Comm'n*, 30 A.3d 568, 576 (Pa. Cmwlth. 2011) (citation omitted).

---

[10] This Court mailed a briefing schedule to Brunst and Cummings on August 15, 2023. Notice of Receipt of Record & Briefing Schedule at 1. On September 12, 2023, the Department notified the Court that the agency would "not participate in this appeal as the matter was dismissed by the [trial court] prior to service." Notice of Non-Participation at 1.

Meanwhile, Section 6602(f)(1)-(2) of the PLRA, commonly referred to as the "three strikes" rule (three strikes rule), further provides:

If the prisoner has previously filed prison conditions litigation and:

(1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or

(2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial;

the court *may dismiss* the action. The court *shall not*, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a *credible allegation* that the prisoner is in imminent danger of serious bodily injury.

42 Pa.C.S. § 6602(f)(1)-(2) (emphasis added). This Court has explained the three strikes rule does not totally impair an inmate's ability to pursue prison conditions litigation; instead, "[i]t only restricts [an inmate's] ability to pursue such actions *in forma pauperis*" since "[t]here is a legitimate governmental interest in deterring frivolous law suits . . . ." *Jae*, 946 A.2d at 809.

Here, the trial court issued its conclusory Order stating Cummings' Complaint was frivolous under Section 6602(e)(2) of the PLRA. In its Order, the trial court remarked, in a footnote, that Cummings "has filed at least nine (9) other actions . . . which were considered by the court and dismissed." Order, 07/17/2023, at 1 (George, Jr., J.). Additionally, the trial court did not file an opinion in support of its Order pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a). Instead, it filed a brief Statement in Lieu of Opinion.

6

Rule 1925(a) "require[s] a trial court, upon notice of appeal from an order issued by that court, to file *an opinion detailing the reasons for the order* or to specify in writing the place in the record where such reasons may be found." *Lemon v. Dep't of Transp., Bureau of Driver Licensing*, 763 A.2d 534, 538 n.2 (Pa. Cmwlth. 2000) (emphasis added). Thus, Rule 1925(a)'s underlying purpose "is to facilitate appellate review of a particular trial court order. Additionally, . . . the rule fulfills an important policy consideration by providing . . . the legal basis for a judicial decision." *Commonwealth v. DeJesus*, 868 A.2d 379, 383 (Pa. 2005). This Court cannot conduct meaningful appellate review of a trial court's order, nor the issues raised by the appellant, "[w]ithout an explanation of why [a] complaint is frivolous[.]" *Brown v. Zaken* (Pa. Cmwlth., No. 1347 C.D. 2016, filed Sept. 21, 2017), slip op. at 4.[11]

We hold the trial court failed to satisfy the requirements of Rule 1925(a). First, the mandatory language of Section 6602(e)(2) of the PLRA requires a trial court to dismiss prison conditions litigation if the litigation is frivolous. *See* 42 Pa.C.S. § 6602(e)(2). While the trial court cited Section 6602(e)(2) of the PLRA in its dismissal order, it failed to offer any explanation for its determination that the Complaint was frivolous. "Such lack of explanation does not satisfy the requirement of [] Rule 1925(a)(1) that a trial court provide 'the reasons for the order,' and does not 'facilitate appellate review of [the] . . . trial court['s] order.'" *Tejada v. Dowd* (Pa. Cmwlth., No. 484 C.D. 2021, filed May 25, 2022), slip op. at 3 (citations omitted).

---

[11] Unreported memorandum opinions of this Court issued on or after January 15, 2008, may be cited for their persuasive value. *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Second, it is unclear from the record whether the trial court intended to dismiss the Complaint under Section 6602(e)(2) of the PLRA, which it cited as its basis for the dismissal, or, alternatively, under the Section 6602(f)(1) three strikes rule. Despite citing Section 6602(e)(2) of the PLRA, in its Order, the trial court references the numerous other actions filed by Cummings and dismissed as frivolous. Again, in its Statement in Lieu of Opinion, it cites Section 6602(e)(2) as its basis for dismissal, but references that three or more of Cummings previous filings were dismissed as frivolous. These references in the trial court's Order and Statement in Lieu of Opinion cause this Court to question whether the trial court intended to dismiss the Complaint under the three strikes rule. However, even if this was the trial court's intent, the trial court has still failed to provide sufficient reasoning to dismiss the Complaint under the three strikes rule. While Cummings admits he is likely subject to the three strikes rule, this Court is unable to discern, based on the record before us, the bases for the previous dismissals and whether Cummings' previous prison conditions actions were dismissed as frivolous. Even if we assume Cummings is a three strikes rule litigant, the three strikes rule provides the trial court may exercise its discretion to dismiss the action, not that it must. Without any explanation from the trial court, this Court is unable to conduct meaningful appellate review of the trial court's exercise of discretion in this matter.

Additionally, the three strikes rule prohibits a trial court from "dismissing a request for preliminary injunctive relief or a temporary restraining order" when an inmate credibly alleges that he "is in imminent danger of serious bodily injury." 42 Pa.C.S. § 6602(f). Thus, the trial court was required to perform a credibility analysis of Cummings' allegation that one of the Department employees at SCI-Fayette has repeatedly threatened to kill him. Because the trial court's Statement in

8

Lieu of Opinion simply provides "[Cummings] has not made a credible allegation that he is in danger of serious bodily injury," Statement in Lieu of Opinion, 08/03/2023, at 1 (George, Jr., J.), the trial court failed to satisfy Rule 1925(a)'s requirement that it provide the reasons for its order such that this court can conduct appellate review.

### III. Conclusion

Because the trial court has not satisfied the requirements of Rule 1925(a) by filing an opinion detailing the reasons for its Order, and the rationale for its decision is not readily apparent from the record, we are unable to conduct meaningful appellate review in this matter. *See Miller Dev. Corp. v. Union Twp. Mun. Auth.*, 666 A.2d 391, 395 (Pa. Cmwlth. 1995) (citations omitted). Accordingly, we must remand and direct the trial court to prepare a supplemental opinion in support of its Order that complies with Rule 1925(a) and our foregoing opinion.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Brandon Cummings,      :
                Appellant    :
                              :
        v.                   : No. 768 C.D. 2023
                              :
J. Brunst                       :

# **O R D E R**

**AND NOW**, this 7th day of June 2024, this matter is **REMANDED** to the Court of Common Pleas of Fayette County to prepare and forward to this Court, within 45 days, an opinion in support of its July 10, 2023 order in compliance with Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a). The Prothonotary shall send a copy of this Order to the Judge of the Court of Common Pleas of Fayette County who issued the July 10, 2023 Order and to the Prothonotary of Fayette County.

Jurisdiction retained.

_____
STACY WALLACE, Judge