IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David D. Richardson,                 :
                     Appellant       :
                                  :
           v.                  :
                                  :
Commonwealth of Pennsylvania,    :
Department of Corrections,         :    No. 114 C.D. 2014
John E. Wetzel, Secretary         :    Submitted: June 6, 2014

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE ANNE E. COVEY, Judge

OPINION BY
JUDGE COVEY                             FILED: July 30, 2014

       David D. Richardson (Richardson), pro se, an inmate at State Correctional Institution – Mercer (SCI-Mercer), appeals from the Mercer County Common Pleas Court's (trial court) December 27, 2013 order sustaining the preliminary objections filed by the Department of Corrections and Secretary John E. Wetzel (collectively, Department) and dismissing with prejudice Richardson's complaint challenging the constitutionality of Section 6602(f) of the statute commonly known as the Prison Litigation Reform Act (PLRA), 42 Pa.C.S. § 6602(f). The sole issue for this Court's review is whether Richardson failed to state a claim upon which relief could be granted. Upon review, we vacate the trial court's order, assume original jurisdiction, and after consideration of the Department's preliminary objections, we sustain the preliminary objections and dismiss Richardson's complaint.

Richardson filed several legal actions which were dismissed under Section 6602(f) of the PLRA,[1] known as the "three strikes rule." This Section permits a court to revoke a prisoner's *in forma pauperis* status:

> if the [prisoner] filed three or more civil actions involving prison conditions and these civil actions have been dismissed as frivolous or malicious or for failure to state a claim. When a [prisoner's] *in forma pauperis* status is revoked, a court may dismiss the [prisoner's] complaint if the [prisoner] thereafter fails to pay the filing fees and costs associated with the litigation.

*Brown v. Dep't of Corr.*, 58 A.3d 118, 121 (Pa. Cmwlth. 2012).

On October 16, 2013, Richardson filed a complaint with the trial court requesting the trial court to declare Section 6602(f) of the PLRA unconstitutional in violation of the Due Process Clauses of the 14th Amendment to the United States

---

[1] Section 6602(f) of the PLRA provides:

> **Abusive litigation.--**If the prisoner has previously filed prison conditions litigation and:
>
> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2) [relating to false allegations of indigency or frivolous, malicious or invalid prison conditions litigation]; or
>
> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial; the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa.C.S. § 6602(f).

(U.S.) Constitution[2] and Article 1, Section 26 of the Pennsylvania Constitution,[3] and/or Article 3, Section 32 of the Pennsylvania Constitution (prohibiting special legislation).[4] On November 25, 2013, the Department filed preliminary objections to Richardson's complaint on the basis that it fails to state a claim upon which relief may be granted. On December 27, 2013, the trial court, relying upon this Court's opinion in *Jae v. Good*, 946 A.2d 802 (Pa. Cmwlth. 2008), sustained the Department's preliminary objections and dismissed Richardson's complaint with prejudice. Richardson appealed to this Court.[5]

---

[2] U.S. Const. amend. XIV, § 1. The 14th Amendment to the U.S. Constitution, states:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

[3] "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." Pa. Const. art. I, § 26.

[4] Article 3, Section 32 of the Pennsylvania Constitution states in relevant part, "[t]he General Assembly shall pass no local or special law in any case which has been or can be provided for by general . . . ." Pa. Const. art III, § 32.

[5] Pursuant to Section 761(a)(1) of the Judicial Code, "[t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings . . . [a]gainst the Commonwealth government . . . ." 42 Pa.C.S. § 761(a)(1). Thus, the trial court did not have jurisdiction to decide the instant matter since Section 761(a)(1) of the Judicial Code required that this action be brought in this Court's original jurisdiction. However, Richardson's erroneous filing does not require dismissal of his action. Section 5103(c) of the Judicial Code provides:

> If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.

In its preliminary objections, the Department asserts that, as recognized by the *Jae* Court, the right to access the courts is not absolute, and that denying a prisoner the ability to proceed in forma pauperis does not deprive the prisoner of that right. Richardson, however, argues that Section 6602(f) of the PLRA penalizes him for exercising his constitutional rights to access the courts, in violation of the 14th Amendment to the U.S. Constitution and Article 1, Section 26 of the Pennsylvania Constitution. He further contends that *Jae* is inapplicable to his claim that Section 6602(f) of the PLRA violates his due process rights because *Jae* involved an equal protection challenge to Section 6602(f) of the PLRA, rather than a due process challenge. We disagree.

Initially, we note that the law is well-established that "legislation will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution, with any doubts being resolved in favor of constitutionality." *Harristown Dev. Corp. v. Dep't of Gen. Servs.*, 614 A.2d 1128, 1132 (Pa. 1992). Thus, "[t]he party seeking to overcome the presumption of validity bears a heavy burden of persuasion." *W. Mifflin Area Sch. Dist. v. Zahorchak*, 4 A.3d 1042, 1048 (Pa. 2010).

> The Pennsylvania Supreme Court has stated:
>
> When confronted with a constitutional challenge premised upon substantive due process grounds, the threshold inquiry is whether the challenged statute purports to restrict or regulate a constitutionally protected right. If the statute

42 Pa.C.S. § 5103(c). As this matter was originally brought to this Court in its appellate jurisdiction, pursuant to Section 5103(c) of the Judicial Code, we order the Commonwealth Court Chief Clerk to transfer Richardson's action from our appellate jurisdiction to our original jurisdiction. Having assumed original jurisdiction, we examine the Department's preliminary objections and Richardson's responses thereto. "In considering preliminary objections, we must accept as true all well-pled allegations of material fact and all inferences reasonably deducible from those allegations. We need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations or expressions of opinion." *Brendley v. Dep't of Labor & Indus.*, 926 A.2d 1276, 1280 (Pa. Cmwlth. 2007) (citation omitted).

restricts a fundamental right, it must be examined under strict scrutiny. Pursuant to that analysis, legislation that significantly interferes with the exercise of a fundamental right will be upheld only if it is necessary to promote a compelling state interest and is narrowly tailored to effectuate that state purpose.

*Khan v. State Bd. of Auctioneer Exam'rs*, 842 A.2d 936, 947 (Pa. 2004) (citations omitted). Where a fundamental right is not impaired, the statute is reviewed under the rational basis test. *See id*.; *see also Doe v. Miller*, 886 A.2d 310 (Pa. Cmwlth. 2005), *aff'd*, 901 A.2d 495 (Pa. 2006).

In *Jae*, this Court held that Section 6602(f) of the PLRA did not violate the Equal Protection Clauses of the U.S. and Pennsylvania Constitutions. The *Jae* Court explained:

> [T]he right of access to courts is not absolute. Further, requiring a prisoner to pay the filing fees that are imposed on all litigants in a civil case does not, standing alone, violate that prisoner's right of meaningful access to the courts. Because there is no fundamental right to proceed in court *in forma pauperis,* we do not apply the strict scrutiny test but, rather, the rational basis test.

*Jae*, 946 A.2d at 808-09 (citation omitted). The *Jae* Court concluded that Section 6602(f) of the PLRA was rationally related to a legitimate state interest, stating:

> The 'three strikes rule' of Section 6602(f) of the PLRA does not prevent prisoners from filing any number of civil actions challenging prison conditions. It only restricts their ability to pursue such actions *in forma pauperis.* There is a legitimate governmental interest in deterring frivolous law suits, and Section 6602(f) advances that goal rationally by depriving an abusive litigator of the ability to proceed *in forma pauperis.* Further, the legislation balances the need to deter prisoners from filing frivolous litigation against the need to protect prisoners from physical harm.

*Jae*, 946 A.2d at 809 (footnote omitted).

5

This Court has explained that "the analysis of a substantive Due Process claim is the same analysis as that performed under an Equal Protection claim." *Zauflik v. Pennsbury Sch. Dist.*, 72 A.3d 773, 792 n.28 (Pa. Cmwlth. 2013); *see also Doe*, 886 A.2d at 314. Thus, the Court's analysis in *Jae* is clearly applicable to Richardson's due process claim.

We also reject Richardson's contention that Section 6602(f) of the PLRA impairs his right to access the courts; more specifically, that Section 6602(f) of the PLRA acts as an unconstitutional penalty imposing "strikes" because his prior prison condition lawsuits were dismissed. He asserts that he is being penalized "for doing what the law plainly allows him to do[.]" Richardson's Reply Br. (filed December 10, 2013) at 5.[6] However, the law does not "plainly allow" a litigant to prosecute a frivolous claim. *See Jae*, 946 A.2d at 809 n.14. Further, Section 6602(f) of the PLRA does not violate Richardson's right of meaningful access to the courts since Richardson may pursue his claims, but he must pay the same filing fees as other litigants. As this Court recognized in *Jae*, "there is no fundamental right to proceed in court *in forma pauperis* . . . ." *Id*. at 808. Thus, consistent with this Court's holding in *Jae* that Section 6602(f) of the PLRA does not violate the Equal Protection Clauses of the U.S. and Pennsylvania Constitutions, we similarly conclude that it does not violate substantive due process.

Richardson further asserts that Section 6602(f) of the PLRA violates the constitutional prohibition on special legislation because it creates a closed class with one member – prisoners. We disagree.

---

[6] Richardson relies upon *U.S. v. Goodwin*, 457 U.S. 368, 372 (1982) ("To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'").

Our Pennsylvania Supreme Court has explained:

Pennsylvania's proscription against local or special laws is currently found in Article III, Section 32, and was first adopted in the Pennsylvania Constitution of 1874. Like many constitutional provisions, it was adopted in response to immediate past abuses. The main purpose behind Article III, Section 32 was to put an end to the flood of privileged legislation for particular localities and for private purposes which was common in 1873. Over the years, the underlying purpose of Article III, Section 32 has been recognized to be analogous to federal principles of equal protection under the law, *see* U.S. Const. amend. XIV, § 1, and thus, special legislation claims and equal protection claims have been reviewed under the same jurisprudential rubric. The common constitutional principle at the heart of the special legislation proscription and the equal protection clause is that like persons in like circumstances should be treated similarly by the sovereign. Nonetheless, it is settled that equal protection principles do not vitiate the Legislature's power to classify, which necessarily flows from its general power to enact regulations for the health, safety, and welfare of the community, nor do these principles prohibit differential treatment of persons having different needs. As this Court explained in *Curtis* [*v. Kline*, 666 A.2d 265 (Pa. 1995)]:

> The prohibition against treating people differently under the law does not preclude the Commonwealth from resorting to legislative classifications, provided that those classifications are reasonable rather than arbitrary and bear a reasonable relationship to the object of the legislation. In other words, a classification must rest upon some ground of difference, which justifies the classification and has a fair and substantial relationship to the object of the legislation.

*Curtis*, 666 A.2d at 268 (citations omitted). Thus, there are a legion of cases recognizing that a legislative classification which appears to be facially discriminatory may nevertheless be deemed lawful if the classification has a rational relationship to a legitimate state purpose. Furthermore . . . legislative classifications must be founded

7

> on real distinctions in the subjects classified and not on artificial or irrelevant ones used for the purpose of evading the constitutional prohibition. Finally, in analyzing a special legislation/equal protection challenge, a reviewing court is free to hypothesize reasons the General Assembly might have had for the classification of certain groups.

*Pa. Tpk. Comm'n v. Commonwealth*, 899 A.2d 1085, 1094-95 (Pa. 2006) (citations, quotation marks and footnotes omitted); *see also Robinson Twp. v. Commonwealth*, 83 A.3d 901 (Pa. 2013). However, "a statute may be deemed *per se* unconstitutional if, under the classification, the class consists of one member and is closed or substantially closed to future membership."[7] *Pa. Tpk. Comm'n.*, 899 A.2d at 1098.

In *Pennsylvania Turnpike Commission*, the act at issue applied to a single public employer – the Pennsylvania Turnpike Commission (Commission) - and mandated collective bargaining with the Commission's first-level supervisors. The distinguishing factor in the act mandating the differing treatment was the fact that the first-level supervisors worked for the Commission, as opposed to some other public employer. The Court concluded that the act was special legislation because there were "no significant distinctions between the Commission's first-level supervisors and other publicly employed first-level supervisors to justify such special differential treatment." *Id*. at 1097. The Court also determined that the act was *per se* unconstitutional because "the General Assembly created a class with one member [(the Commission)] and did so in a fashion that makes it impossible for another member to join the class. The class will never open to more than one member because the General Assembly defined 'public employer' therein as 'The Pennsylvania Turnpike Commission.'" *Id*. at 1098.

---

[7] Richardson asserts only that Section 6602(f) of the PLRA is *per se* special legislation because it creates a closed class of one. He does not argue in his brief that Section 6602(f) of the PLRA is not based "upon some ground of difference, which justifies the classification and has a fair and substantial relationship to the object of the legislation." *Curtis*, 666 A.2d at 268. Therefore, we shall only address Richardson's *per se* special legislation argument.

8

By arguing that the General Assembly impermissibly created a closed class with one member – prisoners, Richardson misinterprets the prohibition on *per se* special legislation. The constitutional prohibition against *per se* special legislation does not proscribe the creation of **a single classification**, so long as the classification does not consist of one class **member,** such as "prisoners incarcerated at SCI-Mercer," as differentiated from prisoners at all state correctional institutions. The classification at issue here is in contrast to that in *Pennsylvania Turnpike Commission* where the "public employer" classification was drafted to restrict class membership only to the Turnpike Commission as distinct from all other Commonwealth agencies and commissions. The classification before the Court in the instant matter applies to "prisoner[s,]" defined in Section 6601 of the PLRA as "person[s] subject to incarceration, detention or admission to prison." 42 Pa.C.S. § 6601. The classification at issue does not apply only to a single prisoner or prisoners incarcerated within a specified facility. Class membership consists of **all** "person[s] subject to incarceration, detention or admission to prison." *Id.* Accordingly, Section 6602(f) of the PLRA is not *per se* special legislation, and Richardson's argument is meritless.

For all of the above reasons, the trial court's order is vacated, original jurisdiction is assumed, the Department's preliminary objections are sustained and Richardson's complaint is dismissed.

_____
ANNE E. COVEY, Judge

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David D. Richardson, :
                Appellant :
                :
          v. :
                :
Commonwealth of Pennsylvania, :
Department of Corrections, : No. 114 C.D. 2014
John E. Wetzel, Secretary :

## O R D E R

AND NOW, this 30th day of July, 2014, the Mercer County Common Pleas Court's December 27, 2013 order is vacated. The Commonwealth Court Chief Clerk is ordered to transfer this matter to our original jurisdiction. The preliminary objections of the Department of Corrections and Secretary John E. Wetzel are sustained and David D. Richardson's complaint is dismissed.

 

_____
ANNE E. COVEY, Judge