# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Demetrius Bailey,            :
           Appellant      :
           : No. 718 C.D. 2017
    v.            : Submitted: December 15, 2017
           :
Gerald Rozum            :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**            **FILED: March 2, 2018**

Demetrius Bailey (Plaintiff), an inmate representing himself, appeals an order of the Court of Common Pleas of Somerset County (trial court) that denied his motion for an extension of time to pay the required filing fee for his civil complaint and, as a result, dismissed the complaint. The trial court previously revoked Plaintiff's *in forma pauperis* (IFP) status on the ground that Plaintiff was an abusive litigator, see Section 6602(f) of the Prison Litigation Reform Act (PLRA),[1] and it gave Plaintiff 45 days to pay the required filing fee. Plaintiff argues the trial court erred in: determining his suit constituted prison conditions litigation under the PLRA and, as a result, revoking his IFP status; denying his motion to extend the period to pay the required filing fee; and, granting Gerald Rozum's[2] (Defendant), petition to open default judgment. Upon review, we affirm.

## I. Background

---

[1] 42 Pa. C.S. §6602(f).

[2] Gerald Rozum formerly served as Superintendent of the State Correctional Institution at Somerset.

In March 2016, Plaintiff filed an application for leave to proceed IFP, which the trial court granted. Shortly thereafter, Plaintiff filed a "Writ of Replevin/Detinue" against Defendant, seeking the return of various personal property. Certified Record (C.R.), Item #2. Defendant filed a response.

Thereafter, the trial court issued an order denying Plaintiff's writ and terminating the proceeding based on its finding that Plaintiff's filing was procedurally irregular in that it did not comply with the requirements of the Pennsylvania Rules of Civil Procedure. The trial court granted Plaintiff 30 days to file a proper complaint and serve it on Defendant. About three weeks later, Plaintiff re-filed the complaint that the trial court previously deemed violated the Pennsylvania Rules of Civil Procedure and served it on Defendant.

Plaintiff subsequently filed a praecipe to enter default judgment against Defendant together with a motion for default judgment. The Prothonotary docketed Plaintiff's praecipe and informed Plaintiff he had to wait 10 days until he could take default judgment against Defendant. Following the 10-day period, Plaintiff again filed a motion for default judgment, which the Prothonotary entered on the docket and transmitted to Defendant.

Shortly thereafter, Defendant filed a motion to strike Plaintiff's irregular complaint and to open the default judgment. In addition to arguing Plaintiff's complaint was irregular and did not conform to the Pennsylvania Rules of Civil Procedure, Defendant alleged that Plaintiff did not serve Defendant with a copy of the praecipe to enter default judgment.

Ultimately, the trial court issued an order striking Plaintiff's complaint based on Plaintiff's failure to comply with the Pennsylvania Rules of Civil Procedure. The trial court's order also opened the default judgment based on deficiencies in Plaintiff's complaint and Plaintiff's failure to serve Defendant with the praecipe to enter default judgment. The trial court granted Plaintiff 20 days to file an amended complaint that complied with the Pennsylvania Rules of Civil Procedure.

Thereafter, Plaintiff filed an "Amended Complaint of Replevin/Detinue." C.R., Item #24. Through his complaint, Plaintiff averred that, while he was incarcerated at the State Correctional Institution at Somerset, Defendant intentionally and recklessly allowed inmates or guards to steal or destroy Plaintiff's personal property, consisting of: 1 pair of tennis shoes valued at $80; 1 blue towel valued at $10; 5 kites valued at $12; one Georgetown Law Journal valued at $15; State and Federal Court Rules valued at $120; legal materials relating to the Post Conviction Relief Act, 42 Pa. C.S. §§9541-9546, valued at $106; and, 150 photographs valued at $1200.

A few weeks later, Defendant filed a motion to revoke Plaintiff's IFP status pursuant to Sections 6602(e) and (f) of the PLRA, 42 Pa. C.S. §6602(e) and (f), on the ground that Plaintiff was an abusive litigator based on his prior filing of three or more civil suits involving prison conditions that were dismissed as frivolous.

In October 2016, the trial court granted Defendant's motion and issued an order revoking Plaintiff's IFP status. The trial court granted Plaintiff 45 days to pay the required filing fee or suffer dismissal of the complaint.

3

On December 12, 2016, three days after the expiration of the 45-day period to pay the filing fee associated with his complaint, Plaintiff filed a motion for extension of time to pay the fee. In that motion, Plaintiff stated: "Plaintiff request [sic] extension [sic] of time of (15) days more due to the holiday season and my family is working on entertaining their kids and I cannot do nothing [sic] until they take care of their business first so my hands is [sic] tied. Additional more [sic] of (15) days want [sic] hurt [Defendant] or the Court." C.R., Item #31.

Shortly thereafter, the trial court issued an order denying Plaintiff's motion for extension of time to pay the required filing fee. The trial court's order also dismissed Plaintiff's complaint based on his failure to pay the filing fee within 45 days of the trial court's prior order.

Plaintiff filed a notice of appeal from the trial court's order denying his request for extension of time to pay the filing fee and dismissing Plaintiff's suit. Thereafter, the trial court ordered Plaintiff to file a concise statement of the errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), which he did. In his Pa. R.A.P. 1925(b) Statement, Plaintiff raised one issue: "Whether the trail [sic] court abuse [sic] its discretion in failure [sic] to grant extension of time to pay filing fees or proceed [sic] [IFP] status or granted [sic] default judgment." C.R., Item #36.

The trial court issued an opinion pursuant to Pa. R.A.P. 1925(a) in which it responded to the issue raised in Plaintiff's Pa. R.A.P. 1925(b) Statement. This matter is now before us for disposition.[3]

## II. Issues

On appeal,[4] Plaintiff argues the trial court erred in: determining his suit constituted prison conditions litigation under the PLRA and, as a result, revoking his IFP status; denying his motion for an extension of time to pay the filing fee; and, granting Defendant's petition to open default judgment.

## III. Discussion
## A. Revocation of IFP Status

Plaintiff argues the trial court erred in determining this suit constituted prison conditions litigation under the PLRA when it revoked Plaintiff's IFP status. However, Plaintiff did not clearly identify this issue in his concise statement of the errors complained of on appeal pursuant to Pa. R.A.P. 1925(a), and, therefore, the trial court did not address this issue. As such, it is waived. See Commonwealth v.

---

[3] Plaintiff filed his notice of appeal to the Superior Court. The Superior Court transferred the appeal to this Court.

[4] "Our review of the trial court's decision is limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law." Brown v. Beard, 11 A.3d 578, 582 n.5 (Pa. Cmwlth. 2010).
    Further, "[a] court has inherent power to enforce its own orders, and an appellate court will not interfere with the enforcement absent an abuse of discretion. Commonwealth v. Shaffer, [712 A.2d 749 (Pa. 1998)]. A court need not overlook a party's failure to comply with its order or accept payment of costs tendered well beyond the court-ordered deadline. See Konya v. District Attorney, [669 A.2d 890 (Pa. 1995)]." Henderson v. Bogusky (Pa. Cmwlth., No. 1971 C.D. 2007, filed July 29, 2008), slip op. at 4, 2008 WL 9401321 at *2 (unreported).
    In addition, it is within the trial court's discretion whether to grant a petition to open a judgment on default, and "a reviewing court will not reverse a trial court's decision on the matter unless there was an error of law or a manifest abuse of discretion." McFarland v. Whitham, 544 A.2d 929, 930 (Pa. 1988) (quoting Kennedy v. Black, 424 A.2d 1250, 1252 (Pa. 1981)).

5

Hill, 16 A.3d 484, 494 (Pa. 2011) ("[A]ny issues not raised in a [Pa. R.A.P.] 1925(b) statement will be deemed waived[.]").

Further, even if not waived, Plaintiff's assertion on this issue lacks merit. To that end, Section 6601 of the PLRA defines "prison conditions litigation" as:

> A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or *habeas corpus* proceedings challenging the fact of confinement in prison.

42 Pa. C.S. §6601 (emphasis added). Here, Plaintiff is a prisoner, and his suit is a civil proceeding that concerns the alleged actions by a government party as they relate to his confinement in prison. Id. Therefore, Plaintiff's suit constitutes "prison conditions litigation" within the meaning of the PLRA. Id.[5]

### B. Denial of Motion for Extension of Time to Pay Filing Fee

Further, we discern no abuse of discretion in the trial court's order denying Plaintiff's motion for an extension of time to pay the required filing fee associated with his complaint. More particularly, when the trial court revoked Plaintiff's IFP status, it granted Plaintiff 45 days to pay the required fee or the trial court would dismiss the complaint. C.R., Item #30. Plaintiff did not file his motion

---

[5] Additionally, contrary to Plaintiff's suggestion, Plaintiff did not file a request for preliminary injunctive relief or a temporary restraining order containing a credible allegation that he was in imminent danger of serious bodily injury so as to avoid dismissal of his suit on the ground that he is an abusive litigator. See Section 6602(f) of the PLRA, 42 Pa. C.S. §6602(f).

for extension of time to pay the required fee until *after* the 45-day period elapsed. C.R., Item #31. Further in his motion, Plaintiff stated he "request[ed] extension [sic] of time of (15) days more due to the holiday season and my family is working on entertaining their kids and I cannot do nothing until they take care of their business first so my hands is [sic] tied. Additional more [sic] of (15) days want [sic] hurt [Defendant] or the Court." Id. In explaining its basis for denying this motion, the trial court stated:

> [O]n October 25, 2016, the Court entered an Order revoking Plaintiff's IFP status and further granting Plaintiff forty-five (45) days to pay the filing fee or suffer a dismissal of his Complaint. Although Defendant had requested in his Motion that Plaintiff be given fourteen (14) days to pay the filing fee, the Court decided to give Plaintiff forty-five (45) days to pay the filing fee based upon the consideration that Plaintiff is incarcerated and may need some additional time to assemble the funds for the filing fee. [FN 3] Given that Plaintiff was granted forty-five (45) days to pay the filing fee, the filing fee is less than $100.00, and Plaintiff did not provide a plausible reason necessitating an extension of time, the Court believes that it properly exercised its discretion in denying Plaintiff's Motion for Extension (sic) of Time and dismissing Plaintiff's Complaint.
>
> [FN3] The filing fee for a civil complaint is $91.00.

Tr. Ct., Slip Op., 2/2/17, at 4-5. In his brief, Plaintiff offers no direct response to this analysis.

Instead, "Plaintiff states; [sic] that the trial judge abuse [sic] his discretion not to extent [sic] the time of (60) or (90) days to pay the filing fees after holding (4) or (5) hearings." Appellant's Br. at 8. However, Plaintiff offers no clear,

developed argument as to how the trial court abused its discretion in denying his motion for extension of time to pay the required filing fee. Nor does he explain why the 45-day period the trial court provided him to pay the required filing fee was insufficient.[6] Therefore, no error is apparent in the trial court's December 19, 2016 order that denied Plaintiff's motion for extension of time to pay the required filing fee. See, e.g., Richardson v. Dep't of Corr., 97 A.3d 430, 432 (Pa. Cmwlth. 2014) (quoting Brown v. Dep't of Corr., 58 A.3d 118, 121 (Pa. Cmwlth. 2012)) ("When a prisoner's [IFP] status is revoked, a court may dismiss the prisoner's complaint if the prisoner thereafter fails to pay the filing fees and costs associated with the litigation.").[7]

### C. Opening Default Judgment

Finally, we discern no error in the trial court's decision opening the default judgment entered by the Prothonotary against Defendant. To that end, as the trial court aptly explained:

> The document filed by Plaintiff on April 21, 2016, which Plaintiff deems to be his Complaint, although it is not titled as such, does not include a cover sheet as required by Pa. R.C.P. [No.] 205.5; does not attach a verification as

---

[6] In the Summary of Argument section of his brief, Plaintiff states: "[He] was also denied [sic] extension of time to pay the filing fees due to personal family death and hospitalization." Appellant's Br. at 7. Our review of Plaintiff's motion for extension of time filed with the trial court, however, contained no such assertion. Certified Record, Item #31. Because Plaintiff failed to present the trial court with this assertion as a ground for granting his motion for extension of time, it is waived on appeal. Pa. R.A.P. 302(a).

[7] Plaintiff references our decision in Lopez v. Haywood, 41 A.3d 184 (Pa. Cmwlth. 2012), for the proposition that a prisoner's complaint should not be dismissed under the so-called "three strikes rule" set forth in Section 6602(f) of the Prison Litigation Reform Act, 42 Pa. C.S. §6602(f), where a prisoner pays the filing fees and costs associated with his complaint after his *in forma pauperis* status is revoked. However, Plaintiff's reliance on Lopez is misplaced. To that end, unlike the prisoner in Lopez, Plaintiff makes no assertion that he paid or attempted to pay the required filing fee associated with his complaint prior to its dismissal here.

8

required by Pa. R.C.P. [No.] 206.3; is not endorsed with a Notice to Defend as required by Pa. R.C.P. [No.] 1018.1; and[,] fails to include general and specific averments which form the basis of the cause of action as required by Pa. R.C.P. [No.] 1019. *See* Defendant's Motion to Strike Plaintiff's Irregular Complaint and Open Erroneously Entered Default Judgment, ¶ 13. Furthermore, Plaintiff failed to serve Defendant with his praecipe to enter default judgment. Based on these significant procedural deficiencies, this Court properly struck [Plaintiff's] Complaint and opened the default judgment. Importantly, the Court did not dismiss [Plaintiff's] cause of action at this juncture and granted [Plaintiff] twenty (20) days leave of court to file an Amended Complaint that complied with the Pennsylvania Rules of Civil Procedure. Accordingly, we respectfully submit that the Court's Order opening the default judgment did not amount to an abuse of discretion.

Tr. Ct., Slip Op. at 7-8. We agree with the trial court's analysis on this issue.

## IV. Conclusion

Based on the foregoing, we affirm the trial court's orders revoking Plaintiff's IFP status, denying Plaintiff's motion for extension of time to pay the required filing fee associated with his complaint, and opening the default judgment entered against Defendant.

_____
ROBERT SIMPSON, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Demetrius Bailey,                         :
              Appellant       :
                         :
                         :   No. 718 C.D. 2017
          v.                       :
                         :
Gerald Rozum                              :

## **O R D E R**

**AND NOW**, this 2nd day of March, 2018, the order of the Court of Common Pleas of Somerset County is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge