IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ralph Roman,                          :
     Appellant          :
                    :
  v.                              : No. 1883 C.D. 2019
                   :
John E. Wetzel, Tabb Bickell,         :
Michael Wenerowicz, Trevor            :
Wingard, Michael D. Overmyer, and  :
the Department of Corrections, in     :
their Official and Unofficial capacities: Submitted:  May 6, 2022

BEFORE:  HONORABLE ANNE E. COVEY, Judge
     HONORABLE ELLEN CEISLER, Judge
     HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE CEISLER        FILED:  October 26, 2022

Appellant Ralph Roman (Appellant), pro se, appeals to this Court from an order of the Court of Common Pleas of the Thirty-Seventh Judicial District, Forest County Branch (Trial Court) denying his Petition to Proceed *In Forma Pauperis* (Petition).  The Trial Court denied the Petition pursuant to Section 6602(f)(1) of the Prison Litigation Reform Act (PLRA), which authorizes a court to deny *in forma pauperis* (IFP) status when an inmate's prison conditions litigation has been dismissed on at least three prior occasions pursuant to Section 6602(e)(2) of the PLRA.[1]  42 Pa.C.S. § 6602(f)(1).  Appellant contends that the denial was in error.

---

[1] Section 6602(e)(2) provides that a court shall "dismiss prison conditions litigation at any time, including prior to service on the defendant," if the court determines that the litigation "is frivolous, or malicious, or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief."  42 Pa.C.S. § 6602(e)(2).

Also before this Court is Appellant's Motion for Remand to Lower Court for Further Proceedings (Remand Motion), in which he requests an opportunity to pursue the merits of the litigation for which he had petitioned for IFP status in the first place. After review, we reverse the denial of the Petition, dismiss the Remand Motion as moot, and return the matter to the Trial Court so that the underlying civil action may be addressed on its merits.

## I. Background

At the time of the events leading to this case, Appellant was an inmate of the State Correctional Institution at Houtzdale. On April 3, 2018, the Department of Corrections issued a memo to all prison superintendents announcing that inmates would be no longer permitted to keep Timberland or Rocky boots in their possession as of May 11, 2018. Original Record (O.R.), Item No. 1, Complaint, Exhibit A. The memo provided several options for prisoners who wished to avoid permanent confiscation of their boots, such as shipping them to an outside address at prison expense. *Id.* Appellant had lawfully purchased two pairs of such boots at a prison commissary in 2007 and 2011. *Id.*, Exhibits L, M. By the May 11, 2018 deadline, he had not taken measures to send the boots elsewhere, and prison staff confiscated them. *Id.*, Exhibit H.

On October 17, 2019, Appellant filed a civil complaint in the Trial Court, in which he alleged that the confiscation violated various provisions of the United States and Pennsylvania Constitutions, as well as the Department of Corrections' own policies, and that Appellant was entitled to compensation for the boots (approximately $185), among other damages. *Id.* at Exhibit B. *Id.*, Item No. 1. Appellant submitted the Petition simultaneously, asserting that he was unable to pay the fees and costs of prosecuting the action. O.R., Item No. 2.

The Trial Court denied the Petition in an order signed on October 22, 2019, briefly explaining that Appellant had "two prison conditions civil litigation dockets constituting 'strikes' listed on the Pennsylvania Department of Corrections website." C.R., Item No. 3, Order. Appellant sent a notice of appeal from that decision directly to this Court, notwithstanding Pennsylvania Rule of Appellate Procedure (Rule) 905(a)(1)'s requirement that a notice of appeal be sent to the trial court clerk. Pa.R.A.P. 905(a)(1). It was received on December 2, 2019 in an envelope bearing a November 25, 2019, postmark.[2] Pursuant to Rule 905(a)(4), the Court clerk stamped the notice of appeal with the date of receipt and sent it to the clerk of the Trial Court.

On April 1, 2020, the Trial Court issued an opinion in support of its order, pursuant to Rule 1925(a). Pa.R.A.P. 1925(a). Therein, it explained the conclusion that Appellant was ineligible for IFP status under the three-strikes rule. O.R., Item No. 5, Memorandum Opinion. The Trial Court further noted that the notice of appeal was filed on December 2, 2019, and should be therefore dismissed as untimely. *Id.* On September 21, 2020, the Trial Court issued a supplemental memorandum opinion, in which it acknowledged that the denial of the Petition on "three strikes" grounds had been in error. O.R., Item No. 5.[3] The Trial Court explained that it should have instead dismissed the complaint for failure to state a claim upon which relief may be granted, pursuant to Section 6602(e)(2) of the PLRA. *Id.*

## II. Issues

Appellant argues that the Trial Court's denial of the Petition was in error because he did not have three "strikes" under the PLRA's criteria. In his Remand

---

[2] The documents, including the postmarked envelope, have been included in a docket entry titled "Initial Pro Se Communication—Letter to Trial Court."

[3] The Supplemental Memorandum Opinion is not assigned its own number in the Original Record, but immediately follows the April 1, 2020 Memorandum Opinion.

Motion, Appellant also requests that this matter be returned to the Trial Court for adjudication on the merits of his Complaint.[4]

### III. Discussion

A prisoner seeking IFP status must satisfy the terms of the PLRA, which is designed to discourage the filing of frivolous prison conditions litigation. *Jae v. Good*, 946 A.2d 802, 807 (Pa. Cmwlth. 2008). Under the PLRA's three-strikes rule, a court may revoke a prisoner's IFP status if, on at least three occasions, the prisoner has filed prison condition lawsuits that were dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted. *Richardson v. Dep't of Corr.* 97 A.3d 430, 432 (Pa. Cmwlth. 2014), *affirmed*, 110 A.3d 994 (Pa. 2015) (citing 42 Pa.C.S. § 6602(f)).

In its denial of the Petition, the Trial Court cited only one previous lawsuit, filed by Appellant in 2015, that had been dismissed pursuant to Section 6602(e).[5] The dismissal therefore appears to have been based on an erroneous interpretation of the PLRA, and the Trial Court now acknowledges that it was in error. Accordingly, the order must be reversed.

We turn now briefly to the Trial Court's opinion that Appellant's notice of appeal was untimely. In relevant part, Section 5571(b) of the Judicial Code provides that an appeal from a lower court to an appellate court "must be commenced within 30 days after the entry of the order from which the appeal is taken." 42 Pa.C.S. § 5571(b). However, recognizing the limitations of incarceration on *pro se* prison

---

[4] Notwithstanding the Remand Motion, Appellant also asks this Court to consider the merits of his Complaint. Our Rules provide that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). Since the Trial Court has not issued a final order regarding the underlying Complaint, we decline to address its merits.

[5] Alternately, the Trial Court's supplemental memorandum opinion refers to *two* such lawsuits. O.R., Item No. 5.

inmates, Pennsylvania courts sometimes apply the so-called prisoner mailbox rule. *Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014). The rule provides that a prisoner's pro se filing is deemed filed as of the date of the prison postmark or when the filing was delivered to prison authorities to be mailed. Pa.R.A.P. 121(f). At the heart of the rule are the constitutional norms of due process and fundamental fairness. *Pettibone v. Pa. Bd. of Prob. and Parole*, 782 A.2d 605, 608 (Pa. Cmwlth. 2001).

In ordinary circumstances, we would require Appellant to show proof of the date of mailing in order to consider the filing timely.[6] *See, e.g., Kittrell*, 88 A.3d at 1099 (deeming an appeal timely filed where the prisoner submitted an affidavit and a signed cash slip). However, our Rules provide that the date when an inmate's *pro se* filing is delivered to prison authorities must be "documented by a properly executed prisoner cash slip *or other reasonably verifiable evidence*." Pa.R.A.P. 121(f) (emphasis added). Because Appellant improperly sent his notice of appeal directly to this Court, we can confirm without his assistance that it was mailed from the prison on November 25, 2019. The notice of appeal is therefore deemed filed on that date, which is exactly 30 days following the entry of the Trial Court's order on the docket.[7]

---

[6] Appellant maintains (in his Statement of the Questions Involved section of his Brief) that a cash slip given to him by the prison mail office established a timely filing date. Appellant's Brief at 4. However, no evidence to that effect has been placed in the record.

[7] In its memorandum opinion, the Trial Court suggested that the 30-day period began on October 22, 2019, the day on which its order was signed. However, Rule 108(b) provides that the date of entry of an order shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given. Pa.R.A.P. 108(b). In this case, that did not occur until October 25, 2019.

Finally, Appellant requests that this Court remand the instant matter to the Trial Court "so that [he] may be provided an opportunity to present his claims to the [Trial Court] for adjudication." Remand Motion at 2. In the Remand Motion, Appellant correctly observes that the Trial Court never dismissed his Complaint, and the Trial Court now acknowledges that its "denial of [the Petition] was made in error." *Id*. Since our reversal of the denial of the Petition returns the matter to the Trial Court, we dismiss as moot the Remand Motion.

## IV. Conclusion

For the foregoing reasons, the Trial Court's denial of the Petition is reversed, and the Remand Motion is dismissed as moot.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ralph Roman,                                          :
                    Appellant                         :
                                                      :
        v.                                            :    No. 1883 C.D. 2019
                                                      :
John E. Wetzel, Tabb Bickell,                         :
Michael Wenerowicz, Trevor                            :
Wingard, Michael D. Overmyer, and    :
the Department of Corrections, in                     :
their Official and Unofficial capacities:


**O R D E R**

AND NOW, this 26th day of October, 2022, the Order of the Court of Common Pleas of the Thirty-Seventh Judicial District, Forest County Branch (Trial Court) denying Appellant's Petition to Proceed in Forma Pauperis is hereby REVERSED. Appellant's Motion for Remand to the Lower Court for Further Proceedings is dismissed as moot. This matter will be returned to the Trial Court to address the merits of the civil complaint.

Jurisdiction relinquished.


_____
ELLEN CEISLER, Judge